UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-61659-Civ-COOKE

ROBIN KELLEY,

    Plaintiff,

vs.

SLOATSBURG VILLAGE, RAMAPO
TOWNSHIP, and ROCKLAND
COUNTY,

    Defendants.

_____/

### ORDER DISMISSING CASE

    THIS CASE is before me upon a *sua sponte* review of the record. On July 13, 2016, Plaintiff filed a Complaint against Sloatsburg Village, Ramapo Townshipm and Rockland County (ECF No. 1). After reviewing Plaintiff's Complaint, the record, relevant legal authorities, and for the reasons explained below, Plaintiff's Complaint is dismissed without prejudice.

### I. DISCUSSION

    Federal Rule of Civil Procedure 8(a) requires a pleading to contain "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief." Although a *pro se* litigant's pleadings are construed more liberally than pleadings drafted by attorneys, "this leniency does not give the court license to serve as de facto counsel for a party ... or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Invs., Inc. v. County of Escambia*, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted).

    Plaintiff asserts claims pursuant to 42 U.S.C. § 1983. More specifically, Plaintiff alleges that officials in the village of Sloatsburg, New York have harassed and intimidated Plaintiff over a dispute related to the zoning of Plaintiff's property located at 146 Orange Turnpike, Sloatsburg, New York. Plaintiff further alleges that the property cannot be rented out to tenants because it is unclear whether the property has been zoned for

residential use or for commercial use. Although the property that is the subject of this action is located in New York, and the Defendants are also located in New York, Plaintiff has brought suit in the Southern District of Florida because Plaintiff lives and works here. Plaintiff seeks actual damages, as well as punitive damages in the amount of one hundred million dollars.

To obtain relief under 42 U.S.C. § 1983 against Defendants Sloatsburg Village, Ramapo Township, and Rockland County, Plaintiff must allege the following: (1) Plaintiff's constitutional rights were violated; (2) the act or omission that caused the constitutional violation was committed by a person acting under color of state law; and (3) the constitutional deprivation resulted from a custom, policy, or practice of the municipality or equivalent entity. *See Wideman v. Shallowford Cmty. Hosp., Inc.*, 826 F.2d 1030, 1032 (11th Cir. 1987). Here, Plaintiff has failed to specifically allege which constitutional rights were violated and how; who violated the constitutional rights; and since Plaintiff sues municipalities, a custom, policy, or practice of the municipality. As such, Plaintiff has completely failed to state a claim upon which relief can be granted.

Plaintiff's rambling, sometimes confusing factual allegations appear to relate to a number of incidents that have occurred over a long time span, and completely fail to state a claim for relief pursuant to 42 U.S.C. § 1983. Plaintiff vaguely references an individual named "building inspector/fire inspector/secret police" but fails to provide details with regard to this individual, who he or she works for, and whether or not this individual acts under color of state law. Additionally, Plaintiff's allegations are mostly addressed to the village of Sloatsburg, and it is unclear how Defendants Ramapo Township and Rockland County are involved. Plaintiff has completely failed to put Defendants on notice of any viable causes of action Plaintiff intends on pursuing, or the facts that would support said causes of action. *See Anderson v. Dist Bd. of Trustees of Cent. Fla. Cmty. Coll.*, 77 F.3d 364 (11th Cir. 1996) (holding that plaintiff's complaint makes it "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief").

Notwithstanding the pleading leniency afforded to *pro se* plaintiffs, it is not the Court's responsibility to discover claims for relief. Plaintiff's Complaint fails to include factual allegations sufficient to raise a right to relief above the speculative level and

therefore, fails to state a claim upon which relief can be granted. Accordingly, Plaintiff's Complaint is dismissed. *See Driessen ex rel B.O. v. Fla. Dept. Children & Families*, 351 F. App'x 355, 355 (11th Cir. 2009) (per curiam) (affirming a district court's *sua sponte* dismissal under Rule 8(a) for failure to state a claim).

## II. CONCLUSION

For the reasons explained in this Order, Plaintiff's Complaint (ECF No. 1) is **DISMISSED** *without prejudice*. The Clerk shall **CLOSE** this case. All pending motions, if any, are **DENIED** *as moot*.

**DONE and ORDERED** in Chambers, at Miami, Florida, this 28th day of July 2016.

*Marcia G. Cooke*
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Robin Kelley,* pro se
*PO Box 2253*
*Fort Lauderdale, FL 33303*